**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KAREN CLEAVER-BASCOMBE,<br>Appellant, | DOCKET NUMBER<br>DC-0752-15-0034-C-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE,<br>Agency. | DATE: April 16, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Karen Cleaver-Bascombe, Washington, D.C., pro se.

Timothy O. Schranck and Martin A. Gold, Esquire, Washington, D.C., for
the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision that
denied her petition for enforcement of a 2015 settlement agreement that she
entered into with the agency. Generally, we grant petitions such as this one only
in the following circumstances: the initial decision contains erroneous findings
of material fact; the initial decision is based on an erroneous interpretation of

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. However, we VACATE the initial decision's finding that the appellant failed to establish good cause for the untimely filing of her petition for enforcement of the lump sum payment claim and MODIFY the initial decision to DISMISS this claim because the appellant did not file her petition for enforcement within a reasonable amount of time after she became aware of the supposed breach. We further MODIFY the initial decision by addressing the appellant's entire breach claim regarding the confidentiality provision.

## BACKGROUND

On October 13, 2014, the appellant filed an appeal with the Board contesting her removal from the agency. *Cleaver-Bascombe v. Department of Agriculture*, MSPB Docket No. DC-0752-15-0034-I-1, Initial Appeal File (IAF), Tab 1. Effective May 13, 2015, the appellant and the agency entered into a settlement agreement. *Cleaver-Bascombe v. Department of Agriculture*, MSPB Docket No. DC-0752-15-0034-C-1, Compliance File (CF), Tab 8 at 21-30. The administrative judge issued an initial decision in the removal appeal on May 14, 2015, dismissing it as settled and entering the agreement into the Board's record for enforcement purposes. IAF, Tab 93, Initial Decision (ID) at 1-2.

Under the terms of the settlement agreement, the agency, among other things, agreed to pay the appellant a lump sum of $100,000, and expunge the appellant's official personnel folder and other agency files of documents concerning her removal (and other select personnel matters). CF, Tab 8 at 21-25. In exchange, the appellant, among other provisions, agreed to voluntarily resign in lieu of her removal, not seek employment in the same office in the future, and withdraw and waive claims against the agency through the effective date of the agreement, including her removal appeal before the Board. *Id.* at 25-28. A provision was included requiring the parties to keep the agreement confidential, but it did state that the agreement did not provide the appellant with a "clean record" and that the agency would not withhold information from "lawful requestors to whom the Agency is legally obligated to disclose such records." *Id*. at 22, 28.

On April 16, 2018, the appellant filed a petition for enforcement with the Board, setting forth claims that the agency breached the settlement agreement. CF, Tab 1. First, the appellant alleged she received $64,000 on or about June 30, 2015, and not the $100,000 outlined in the agreement. CF, Tab 1 at 10, Tab 10 at 6-7. The appellant then asserted that in 2018, the agency violated the confidentiality provision of the settlement agreement by disclosing her removal and the existence of the settlement agreement to the Office of Disciplinary Counsel for the District of Columbia's Board on Professional Responsibility. CF, Tab 1 at 10, Tab 10 at 7-15.

The administrative judge issued an initial decision on June 19, 2018, dismissing the petition for enforcement regarding the lump sum payment as untimely filed and finding that the appellant failed to prove that the agency breached the confidentiality provision of the agreement. CF, Tab 11, Compliance Initial Decision (CID) at 1-8. The appellant's petition for review followed, and the agency responded in opposition. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge erred when assessing in the initial decision whether the appellant established good cause for the untimely filing of her petition for enforcement on the lump sum payment claim.</u>

Unlike a Board order where the Board's regulations require a notice of compliance, there is no such requirement where a case is settled. *Kasarsky v. Merit Systems Protection Board*, 296 F.3d 1331, 1335 (Fed. Cir. 2002); 5 C.F.R. § 1201.181; *see Bostick v. Department of Health and Human Services*, 63 M.S.P.R. 399, 401 (1994). A petition for enforcement of a settlement agreement must be filed within a reasonable amount of time from the date the petitioning party becomes aware of the alleged breach of the agreement. *Phillips v. Department of Homeland Security*, 118 M.S.P.R. 515, ¶ 11 (2012); *see Bostick*, 63 M.S.P.R. at 401. There is no need to show good cause to excuse an untimely filing of a petition for enforcement of a settlement agreement. *Poett v. Merit Systems Protection Board*, 360 F.3d 1377, 1380-81 (Fed. Cir. 2004). Therefore, the administrative judge erred in the initial decision when assessing whether the appellant demonstrated good cause for the late filing of her petition for enforcement on the lump sum payment claim, meaning that any conclusions on the matter are vacated. CID at 5-6.

<u>The appellant was provided with notice and an opportunity to establish that her petition for enforcement was timely filed.</u>

When an appeal appears untimely, an administrative judge is to apprise the appellant of the issue by providing information concerning what she must show to establish that her appeal was timely. *Gutierrez v. U.S. Postal Service*, 90 M.S.P.R. 604, ¶ 11 (2002). The appellant must then be provided with an opportunity to submit argument and evidence on the issue. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 438-39 (1998). Any shortcoming in providing this notice and an opportunity to submit argument and evidence can be cured if the initial decision puts the appellant on notice of her burden to demonstrate timeliness, thus giving her a chance to meet it on review. *See Easterling v. U.S.*

*Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008). In this case, the initial decision put the appellant on notice of her burden to prove that her petition for enforcement of the settlement agreement was timely filed. CID at 4-5. The appellant proffered her arguments on timeliness in her petition for review. PFR File, Tab 1 at 4-5. As a result, any error by the administrative judge in not providing the appellant notice and an opportunity to respond on this issue below has been cured.

In *Chudson v. Environmental Protection Agency*, 71 M.S.P.R. 115, 118 (1996), *aff'd*, 132 F.3d 54 (Fed. Cir. 1997) (Table), the administrative judge failed to provide the appellant with notice of the timeliness issue before dismissing his petition for enforcement of a settlement agreement as untimely filed. Yet, the record was developed for the Board to make a finding concerning timeliness on review without a remand, particularly because the appellant's evidence on review did not differ significantly from what he set forth below, and on review, he had notice of the issue from the initial decision. *Id.* The instant appeal is similar to *Chudson* in many regards. On review here, the appellant argues that good cause exists to excuse her untimely filing of her petition for enforcement regarding the lump sum payment breach claim. PFR File, Tab 1 at 4-5. We take the appellant's arguments into consideration and assess whether she filed her petition for enforcement within a reasonable amount of time after she learned of the supposed breach, which is the appropriate standard. *Poett*, 360 F.3d at 1380.

The appellant's petition for enforcement regarding the 2015 lump sum payment is untimely, as she did not file it within a reasonable period after she became aware of the supposed breach.

The record establishes that the appellant, through her then representative, sent the agency an email on July 10, 2015, claiming that the agency had not complied with the agreement because the appellant did not receive the full $100,000 payment. CF, Tab 8 at 31-32. The appellant herself sent a follow-up email to the agency on July 13, 2015. *Id.* at 35. The agency responded to the

appellant on July 10 and July 19, 2015, confirming that it had sent the payment in full, along with an explanation as to why the appellant only received approximately $65,000.[2] *Id.* at 31, 34. This evidence proves that the appellant was aware of the purported breach in July 2015.

As noted, the appellant did not file her petition for enforcement until April 2018. CF, Tab 1. She set forth various arguments on review for why it took her almost 3 years to file a petition for enforcement after learning of the claimed breach. PFR File, Tab 1 at 4-5. She first argues that the agency never provided her with a notice of compliance. *Id.* Yet, as noted, agencies that enter into settlement agreements are not required to serve a notice of compliance. *Kasarsky*, 296 F.3d at 1335; 5 C.F.R. § 1201.181; *see Bostick*, 63 M.S.P.R. at 401. Notwithstanding, the record contains emails from the agency sent on July 10 and July 19, 2015, to the appellant and her then representative, confirming the agency's belief that it had paid the appellant $100,000 in full compliance with the settlement agreement. CF, Tab 8 at 31, 34. The appellant further asserts that she was not informed of the procedures for filing a petition for enforcement. PFR File, Tab 1 at 4-5. However, the administrative judge provided detailed instructions on how to file a petition for enforcement in the initial decision that dismissed the appellant's removal appeal as settled. ID at 2. Lastly, the appellant's claim that the agency violated 5 C.F.R. § 1201.181 is misplaced, as this regulation concerns compliance of final orders issued by the Board, not settlement agreements. PFR File, Tab 1 at 4; *see Kasarsky*, 296 F.3d at 1335 (outlining that an agency is not required to serve a notice of compliance in cases where a settlement agreement is reached).

---

[2] The agency certified the $100,000 payment to the appellant on June 30, 2015; however, the U.S. Department of Treasury, through its Offset Program, recovered $35,024.99 of this payment to satisfy an indebtedness of the appellant. CF, Tab 8 at 34. The appellant received $64,975.01. *Id.* The record does not reflect the source of the appellant's indebtedness.

Thus, the appellant, who was represented by an attorney for much of the relevant proceedings, has not proven that waiting almost 3 years to file her petition for enforcement after she was aware of the supposed breach of the term of the settlement agreement requiring the lump sum payment was reasonable. Dismissal of this portion of her petition for enforcement is warranted. *See Chudson*, 71 M.S.P.R. at 118-19 (dismissing a petition for enforcement on timeliness grounds that was filed 1 year after the appellant learned of the alleged breach, while noting that the appellant had previous experience litigating before the Board and was represented by counsel).

<u>The appellant failed to prove that the agency breached the confidentiality provision of the agreement.</u>

The appellant's initial claim regarding the confidentiality provision consisted of the agency breaching the agreement because it discussed her expunged removal with the Office of Disciplinary Counsel for the District of Columbia's Board on Professional Responsibility. CF, Tab 1 at 10. The appellant supplemented her claim by adding that the agency also breached the confidentiality provision when it disclosed the existence and the parameters of the settlement agreement to the Office of Disciplinary Counsel. CF, Tab 10 at 9-15. The initial decision addressed the former claim but not the latter. CID at 7-8. An initial decision must contain findings of fact and conclusions of law for the material issues presented in the record, along with the corresponding reasons or bases. *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980). Thus, while we agree with the administrative judge's overall conclusion that the appellant did not meet her burden of proving that the agency violated the agreement, we modify the analysis to address the appellant's entire claim pertaining to the confidentiality provision.

When an appellant alleges that a settlement agreement has been breached, she bears the ultimate burden of proving the claim by preponderant evidence. *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 7 (2009), *aff'd*,

420 F. App'x. 980 (Fed. Cir. 2011). The confidentiality provision at issue states that the agreement "is confidential" and "applies only to communications with third parties." CF, Tab 8 at 28. In 2015, the appellant admittedly disclosed to the Office of Disciplinary Counsel that she had been removed and entered into a settlement agreement with the agency. CF, Tab 9 at 28. In particular, the appellant stated, "[i]n October 2014, I filed a complaint at Merit System Protection Board for wrongful termination . . . but the case was settled, for a monetary sum, and that my resignation was part of that settlement . . . ." *Id.* (grammar, spelling, and punctuation as in the original).

The Board held in *Caston v. Department of the Interior*, 108 M.S.P.R. 190, ¶ 21 (2008), that it would be inequitable to require an agency to remain silent in order to adhere to a settlement agreement's confidentiality provision when the appellant had first violated that provision. We find that this holding from *Caston* applies to this appeal. After the appellant informed the Office of Disciplinary Counsel of her removal and the existence of the settlement agreement, the agency's representative later confirmed with the same third party the agreement and the appellant's resignation in lieu of removal. CF, Tab 9 at 5, 28. Based on the appellant's earlier disclosure of even more information, the agency was not in breach by confirming the same information to the same third party, as it was no longer under an obligation to keep it confidential.

The other topic that the agency discussed with the Office of Disciplinary Counsel pertained to the appellant's purported unauthorized use of a government-issued phone. *Id.* at 5-6. The settlement agreement did not preclude the agency from discussing this topic, as it was not the basis for the appellant's removal or involved in any personnel action covered by the settlement agreement.[3] CF, Tab 8 at 21-30.

---

[3] The agency removed the appellant for various charges related to time and attendance matters and abandonment of her position. IAF, Tab 1 at 7-9.

Notwithstanding, the settlement agreement between the parties was not a "clean record" agreement, and the agency had the right to disclose information to "lawful requestors to whom the Agency is legally obligated to disclose such records." *Id*. at 22. Thus, the agency's actions contested in the appellant's petition for enforcement regarding the confidentiality provision are not a breach. *See Del Balzo v. Department of the Interior*, 60 M.S.P.R. 659, 662 n.1 (1994) (stating that there was no reason for the Board to address a breach claim, as even if the settlement agreement prohibited the agency from disclosing to prospective employers the existence of the agreement, the record indicated that the appellant first disclosed the existence of the agreement to the prospective employers).

### NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be underlined received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.